Ward vs. Crutcher and wife.

CASE 18—PETITION ORDINARY—JUNE 20.

# Ward vs. Crutcher and wife.

APPEAL FROM FRANKLIN CIRCUIT COURT.

In an action for damages for fraud in selling an interest in a shoe-store, the jury returned a verdict, and the court rendered a judgment, against the defendant *for eight hundred dollars*. While there was no positive and direct proof of fraudulent misrepresentations, circumstances were established from which, whatever may be the preponderating conclusion, the jury, in the exercise of its peculiar function, had a right to infer fraud and deception, by either delusive misrepresentations or suppression, or both. *Held*—The court below properly refused a new trial.

T. N. LINDSEY,　　　　　　　　　　　For Appellant,

CITED—

1 *Dana*, 274; *Lightburn vs. Cooper.*
1 *Dana*, 611; *Marshall vs. Peck.*

A. J. JAMES,　　　　　　　　　　　For Appellees,

CITED—

*Hilliard on Torts, page* 6.
*Story on Contracts, sec.* 510.
*Littell's Select Cases*, 218–20; *Perkins vs. Rice.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This appeal seeks the reversal of a judgment for damages in an action for fraud in the sale of the appellant's interest in a shoe-store owned by J. L. Scott and himself.

While there is no positive and direct proof of the fraudulent misrepresentations charged by the appellees against the appellant, nevertheless, circumstances are

established from which, whatever may be the preponderating conclusion, the jury, in the exercise of its peculiar function, had a right to infer fraud and deception by either delusive misrepresentation or suppression, or both.

The appellant must be presumed to have known the value of his interest in the shoe-store—if not the precise, certainly the closely proximate value. He must have known that it was not more than half as much as he had represented it as being to his own uninformed and confiding partner, and to several other persons, who, believing him, made the like representations to the appellees. When there were probably no profits, he grossly, and, of course, intentionally, misrepresented to his partner profits of sixteen hundred dollars for six months. He was anxious to sell his interest; and the presumption is, that he made all those false representations to effect a sale *in gross* at an exorbitant price. He knew that appellees were anxious to buy, and could not, without taking an invoice, ascertain either the quantity or value of the goods then on hand. He kept back the invoice he himself had taken in March, 1866, and so managed as to accelerate a lumping sale without any invoice, and when it was impossible for the appellees to ascertain quantity or value. It is evident that the appellees were induced by his conduct and his representations to others, and probably to them, to believe that his interest was worth at least two thousand dollars, when, in fact, it was not worth one thousand dollars, while he exacted eighteen hundred dollars.

Standing in the unequal attitudes in which the parties thus did, it was the appellant's duty to communicate to the appellees his honest opinion as to the amount and

Ward vs. Crutcher and wife.

value of the stock on hand, and his studied evasion and suppression were, under all the circumstances, uncandid and fraudulent. And, moreover, the facts strongly conduced to the conclusion, that, by false representations to the appellees, or by other artful devices, he induced them to believe that his interest was worth at least double as much as it really was. Somehow or other the appellees were cheated out of more than eight hundred dollars; and this court cannot presume to set aside the verdict and judgment against him for that sum.

On the facts before the jury there was no essential error in giving or refusing hypothetical instructions.

Wherefore, without intruding on the province of the jury, we cannot order a new trial; and, consequently, we must, as we hereby do, affirm the judgment.